OPINION
{¶ 1} Defendant-appellant Paul Edward Bunting appeals the June 3, 2003 Judgment Entry of the Stark County Court of Common Pleas, which overruled his Motion to Appoint an Expert Assistant on Post-Conviction Petition and Motion to Dismiss Motion. Plaintiff-appellee is the State of Ohio.[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 2, 2000, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02, and six counts of sexual battery, in violation of R.C. 2907.03. The victim of the offenses was appellant's live-in girlfriend's daughter, who was less than thirteen years of age. On August 4, 2000, appellant entered a plea of no contest to the indictment. The trial court sentenced appellant to an aggregate period of incarceration of eighteen years. The trial court memorialized its guilty finding and sentence via Judgment Entry filed August 9, 2000. In a separate Judgment Entry also filed August 9, 2000, the trial court adjudicated appellant a sexually oriented offender pursuant to R.C. 2950.09.
 {¶ 3} Appellant appealed to this Court, which denied his assignments of error and affirmed the trial court's ruling.State v. Bunting (May 29, 2001), Stark App. No. 2000CA00286, unreported. On August 27, 2001, appellant filed an application to reopen his appeal, asserting claims of ineffective assistance of appellant counsel. This Court granted appellant's application, but ultimately affirmed the judgment of the trial court. Statev. Bunting, Stark App. No. 2000CA00286, 2002-Ohio-3594.
 {¶ 4} On February 3, 2003, appellant filed a petition for post-conviction relief. On February 6, 2003, appellant filed a motion captioned, "Motion per Petition for Evidentiary Hearing and Vacate or Set Aside Sentence with a Withdrawal of Plea." Appellant filed a Motion to Dismiss the February 6, 2003 Motion on May 9, 2003. On May 14, 2003, appellant filed a Motion to Appoint an Expert Assistant on Post Conviction Petition. Via Judgment Entry filed June 3, 2003, the trial court overruled appellant's Motion to Appoint Expert Assistant on Post Conviction Petition as well as appellant's Motion to Dismiss Motion. Appellant filed a Motion for Ruling on Post Conviction on June 25, 2003. On that same day, appellant filed a Notice of Appeal from the June 3, 2003 Judgment Entry.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. Trial court abused its authority to rule prematurely on a motion relevant to a petition filed priorly but not yet been even considered for determination.
 {¶ 7} "I. Trial court erroneously overruled on a pro se motion to dismiss another motion that was improperly filed for appellant to dismiss the cause."
 I, II {¶ 8} We begin by noting the procedural quagmire presented in the case subjudice is the result of appellant's lack of clarity in his petition, various motions and assignments of error and the fact they overlap each other. The June 3, 2003 Judgment Entry from which appellant appeals overruled his May 14, 2003 Motion to Appoint an Expert Assistant on Post Conviction Petition as well as his May 9, 2003 Motion to Dismiss his Motion per Petition for Evidentiary Hearing and Vacate or Set Aside Sentence with a Withdrawal of Plea. As a result of the June 3, 2003 Judgment Entry, appellant's February 3, 2003 petition for post-conviction relief and his February 6, 2003 Motion per Petition for Evidentiary Hearing and Vacate or Set Aside Sentence with a Withdrawal of Plea remain pending.
 {¶ 9} The June 3, 2003 Judgment Entry denying appointment of an expert assistant is an interlocutory order. The trial court has not yet ruled on appellant's PCR or his motion for evidentiary hearing and to vacate sentence and withdraw plea. As such, the June 3, 2003 Judgment Entry is not a final appealable order and this Court has no jurisdiction to entertain appellant's appeal.
 {¶ 10} Appellant's appeal is dismissed.
Farmer, J. and Wise, J. concur.
[1] The State has not filed a brief in this action.